

**Bowman and Brooke** LLP
Attorneys at Law

317 George Street, Suite 320
New Brunswick, NJ 08901
Phone: 201.577.5175
Fax: 804.649.1762

Erica Mekles
Direct: 1.201.577.5196
Email: erica.mekles@bowmanandbrooke.com

February 15, 2022

**The parties' requests for a conference to discuss the protective order is denied because there are no issues to discuss. Plaintiff's late-filed letter regarding the protective order fails to identify any substantive issues with the proposed protective order. The proposed protective order will issue separately.**

**VIA ECF**

**The Clerk of Court is respectfully directed to close the motion at Dkt. No. 28.**

Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 1007

**Dated:  February 22, 2022
New York, New York**

**LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE**

Re:    **Kevin G. Patterson v. Exactech, Inc.
Civil Action No.: 1-21-cv-6231**

Dear Judge Schofield:

We represent Defendant Exactech, Inc. in the above-referenced matter. This is a product liability case arising out of Plaintiff's knee replacement surgeries. Pursuant to the Court's Individual Rules and Procedures, we write to request a pre-motion conference to address Exactech's motion for protective order to protect its confidential and competitively-sensitive documents.

On November 15, 2021, Plaintiff served written requests for production of documents, including design history files, FDA communications, device history records, and complaint files. Exactech timely responded to the written requests and explained that it needed product identification from the health care provider before it could move forward with identifying and collecting responsive records. Plaintiff provided this information on January 14, 2022.

On February 7, 2022, Exactech produced records that are not confidential, including promotional materials and advertising for the subject model device. It also served supplemental written discovery responses on February 11, 2022, describing the searches it was undertaking now that it has product identification. Meanwhile, Exactech has begun gathering the remaining documents, which we expect will number in the thousands of pages. Many of the documents yet to be produced are confidential and competitively-sensitive (e.g., design drawings, engineering evaluations, risk management reports, test reports). These materials go to the very heart of Exactech's business. Accordingly, Exactech prepared a proposed protective order and asked Plaintiff if he would stipulate to it. The proposed order (attached)[1] includes standard terms, which, frankly, we did not expect would be controversial. We included clauses required by the Court's Individual Rule I(D)(4). The proposed order provides a process whereby a party may designate

---

[1] We understand the Court's rules require that this letter not exceed three pages, including attached exhibits. The proposed protective order is 11 pages. We attach it here, so the Court may examine its terms, if desired.

25089313v2                                www.bowmanandbrooke.com

Honorable Lorna G. Schofield
United States District Judge
February 15, 2022
Page 2

documents as "confidential" and the opposing party may challenge that designation with a meet-and-confer process before seeking resolution by the Court, if necessary.

Plaintiff rejected the proposed protective order, arguing that it is overbroad and would result in delay in the production of documents. As we explained to Plaintiff's counsel, many of these documents have already been collected and are in queue to be produced as soon as a protective order is in place. Exactech has been working to identify responsive documents and expects it can produce the vast majority of the thousands of pages it is collecting within 10 days of execution of a protective order. Moreover, Exactech has already begun collecting records pertaining to the allegations in Plaintiff's forthcoming Amended Complaint, which purportedly involves Plaintiff's other knee, so we can expect to stay on track, even in light of Plaintiff's delay in amending the Complaint.

Exactech requests a protective order to ensure the confidentiality of its confidential and sensitive information outside of the current litigation. The information Plaintiff seeks reflects the inner workings of the company and would be very valuable to its competitors. The proposed protective order is typical of what is used in other litigation. Moreover, if there are particular terms Plaintiff finds controversial, Exactech would be happy to discuss. But as it stands, Plaintiff has rejected the proposed order wholesale. For this reason, Exactech respectfully requests a pre-motion conference to address the proposed order. Thank you.

Respectfully submitted,

BOWMAN AND BROOKE LLP

Erica S. Mekles
Partner

ESM/la

25089313v2